UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| THERMOVIEW INDUSTRIES, INC. | ) | | |
| | ) | | |
| Debtor(s) | ) | Case No. | 05-37123(1)(11) |
| | ) | | |
| THOMAS W. FRENTZ, TRUSTEE | ) | | |
| | ) | | |
| Plaintiff(s) | ) | AP No. | 07-3016 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| ROYCOM LIMITED | ) | | |
| | ) | | |
| Defendant(s) | ) | | |

## MEMORANDUM-OPINION

This matter is before the Court on the Motion to Dismiss of Defendant RoyCom Limited ("RoyCom"). The Court considered RoyCom's Motion, the Response to the Motion to Dismiss of Thomas W. Frentz, the Chapter 7 Trustee ("Trustee") for Debtors ThermoView Industries, Inc., et al. ("Debtors"), the Reply in Support of Motion to Dismiss of RoyCom, the Stipulation of Facts filed by the Trustee and RoyCom and the arguments of counsel at the hearing held March 27, 2007. For the following reasons, the Court grants RoyCom's Motion to Dismiss.

### PROCEDURAL AND FACTUAL BACKGROUND

On or about January 5, 2007, the Trustee instituted this adversary proceeding with the filing of a Complaint to Avoid Transfer Pursuant to 11 U.S.C. §547 and to Recover Property Transferred Pursuant to 11 U.S.C. §550. In that Complaint, the Trustee alleges that within 180 days before

Debtors' filed their Chapter 11 Petition, they transferred $1,095,381.52 to RoyCom and that these transfers were in violation of 11 U.S.C. §§544, 547 and 550 of the United States Bankruptcy Code. The Trustee seeks to recover those amounts transferred along with interest, costs and attorney's fees.

RoyCom is a Canadian corporation with its principal place of business in Manitoba, Canada. RoyCom does business in Canada, not in the United States. The Debtors purchased plastic lineals used in the manufacturing of completed windows from RoyCom. RoyCom's documents reflect that it sold plastic lineals to Debtors F.O.B. the plant in Manitoba, Canada.

The Trustee attempted to serve RoyCom on January 11, 2007 by sending the Complaint and Summons by registered mail to RoyCom's office in Manitoba, Canada. On February 27, 2007, the Trustee had the Summons reissued. The Trustee contends that service of process was reissued in a manner that complies with the Hague Convention's requirements. The Court's file shows that the Summons was again reissued at the request of the Trustee on March 12, 2007, but to date, no certificate reflecting service of process has been filed.

## LEGAL ANALYSIS

RoyCom seeks dismissal of the Complaint based on lack of personal jurisdiction by this Court over RoyCom pursuant to Rule 7012(b)(2) and insufficient service of process pursuant to Rule 7012(b)(5) of the Federal Rules of Bankruptcy Procedure. The Court finds merit in RoyCom's arguments and must dismiss the Complaint.

In order to survive a motion to dismiss for lack of personal jurisdiction, the plaintiff must present evidence through his pleadings and affidavits sufficient to establish a *prima facie* case for jurisdiction. In re Huffy Corp., 358 B.R. 724 (Bankr. S.D. Ohio 2006). In this case, the Trustee contends that the fact that the Debtors' purchased product F.O.B. RoyCom's plant in Canada is

sufficient to confer specific personal jurisdiction.[1] Specific jurisdiction pertains only to those claims that arise out of or relate to a defendant's contacts with the forum. <u>Kerry Steel, Inc. v. Paragon Industries, Inc.</u>, 106 F.3d 147, 149 (6th Cir. 1997).

In order to establish the existence of specific jurisdiction, each element of a three part test must be met: (1) the defendant must purposely avail himself of the privilege of acting in the forum state or cause a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. <u>Southern Machines Co., Inc. v. Mohasco Industries, Inc.</u>, 401 F.2d 374, 381 (6th Cir. 1968); <u>Kerry Steel, Inc.</u>, 106 F.3d at 150.

The record before the Court in support of personal jurisdiction over RoyCom is sparse. The Stipulation of Facts filed by the parties shows that RoyCom is not registered to do business in the United States and that, in fact, it does not do business here. The only supporting allegation is the Trustee's claim that the sales transaction F.O.B. the plant in Canada is sufficient to confer jurisdiction. The Court does not find this sole allegation to be sufficient to confer personal jurisdiction over RoyCom.

The cases cited by the Trustee, such as <u>In re Federalphalpha Steel LLC</u>, 341 B.R. 872 (Bankr. N.D. Ill. 2006), are distinguishable from the facts at bar because there were significant other contacts with the forum court other than an isolated sale F.O.B. in the forum jurisdiction. In <u>Bridgeport Music, Inc. v. Still N The Water Club</u>, 327 F.3d 472, 479 (6th Cir. 2003), the Sixth

---

[1] The Trustee does not contend there were "continuous and systemmatic" contacts with the forum as is required for general personal jurisdiction.

Circuit stated its preference for the "stream of commerce plus" approach in analyzing whether a defendant purposely avails itself of the privilege of acting in the forum state. Under this theory, "the placement of a product into the stream of commerce, without more, is not an act of the defendant purposely directed toward the forum State." Asahi Metal Industry, Co., Ltd. v. Superior Court, 480 U.S. 102, 112 (1987). Under this theory, the Trustee cannot meet the purposeful availment element of the three part test to establish personal jurisdiction. All three elements must be met to invoke personal jurisdiction. LAK, Inc. v. Deercreek Enterprises, 885 F.2d 1293, 1303 (6th Cir. 1989).

The burden to make a *prima facie* showing of personal jurisdiction was upon the Trustee. Additional evidentiary support was needed to make a *prima facie* case to support personal jurisdiction. Since the Trustee is unable to do this, the case must be dismissed.

Similarly, the record does not support the Trustee's bare allegation that the Summons has been reissued and served in accordance with the Hague Convention. Given the Court's ruling on the lack of personal jurisdiction, however, the Court need not make a determination on the sufficiency or insufficiency of service of process.

## **CONCLUSION**

For all of the above reasons, the Court grants the Motion to Dismiss of RoyCom, Limited. An Order dismissing the Complaint accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | | |
|---|---|---|---|
| IN RE: | ) | | |
| | ) | | |
| THERMOVIEW INDUSTRIES, INC. | ) | | |
| | ) | | |
| Debtor(s) | ) | Case No. | 05-37123(1)(11) |
| | ) | | |
| THOMAS W. FRENTZ, TRUSTEE | ) | | |
| | ) | | |
| Plaintiff(s) | ) | AP No. | 07-3016 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| ROYCOM LIMITED | ) | | |
| | ) | | |
| Defendant(s) | ) | | |

## **ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion to Dismiss of RoyCom, Limited, be and hereby is, **GRANTED**.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that the Complaint to Avoid Transfers Pursuant to 11 U.S.C. §547 to Recover Property Transferred Pursuant to 11 U.S.C. §50, be and hereby is, dismissed.